**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AMY ABRANDA PERU,

Petitioner,

9:26-cv-01650 (BKS)

v.

CRAIG D. APPLE, in his official capacity as Sheriff of Albany County; CHRISTOPHER J. AMOIA, in his official capacity as Acting United States Marshal for the Northern District of New York; PHILIP RHONEY, in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; TODD BLANCHE, in his official capacity as United States Attorney General,

Respondents.

**Appearances:**

*For Petitioner:*
Matthew K. Borowski
Borowski Witmer Immigration Lawyers
4343 Union Road
Buffalo, New York 14225

*For Respondents Amoia, Rhoney, Venturella, Mullin, and Blanche:*
Alexis M. Osborne
Assistant United States Attorney
United States Attorney's Office
445 Broadway, Room 218
Albany, New York 12207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On August 27, 2026 Amy Abranda Peru filed a petition pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus "prohibiting Respondents from taking her into immigration custody or removing her from the Northern District of New York until this Court can determine whether any lawful detention authority exists and what process is constitutionally required." (Dkt. No. 1, ¶ 5). Upon review of the petition, the Court issued an Order: directing Respondents to show cause why the Petition for a writ of habeas corpus should not be granted; setting a briefing schedule; scheduling oral argument; and prohibiting Respondents from moving Petitioner outside the jurisdiction of the Northern District of New York until September 9, 2026, the date this matter was scheduled for oral argument. (Dkt. No. 2). In lieu of a Response, Respondents Christopher J. Amoia, Acting United States Marshal for the Northern District of New York; Philip Rhoney, Acting Field Office Director, Buffalo Field Office, U.S. Immigration and Customs Enforcement; David J. Venturella, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, United States Attorney General, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 4). Petitioner filed a Response in opposition. (Dkt. No. 6). For the reasons that follow, the petition is denied for lack of jurisdiction and this matter is dismissed.

## II. BACKGROUND[1]

Petitioner is a native and citizen of Guyana. (Dkt. No. 1, ¶ 20). Petitioner became a "lawful permanent resident on July 8, 2010, in classification AS8, derivative child of an asylee who has adjusted status to lawful permanent residence," and her "current permanent resident card expires in 2033." (*Id.*). "On July 27, 2023, the Schenectady County Court entered judgment after [Petitioner] pleaded guilty to Grand Larceny in the Second Degree, in violation of New York Penal Law." (*Id.* ¶ 28). The state court imposed a sentence of one to three years. (*Id.*). Petitioner's appeal of that conviction is pending. (*Id.* ¶ 32).

On April 30, 2026, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging removability under 8 U.S.C. § 1227(a)(2)(A)(iii) "on two aggravated-felony theories" arising from her New York conviction. (*Id.* ¶¶ 33–34). Although the Notice directed Petitioner's appearance in Batavia, New York, DHS transported Petitioner to Louisiana.[2] (*Id.* ¶ 36). However, before the removal proceedings in Louisiana were complete, the United States Marshals Service took [Petitioner] into federal custody and returned her to New York," (*id.* ¶ 44), "on federal criminal charges," (Dkt. No. 4-1, at 5); *see United States v. Abranda Peru*, 1:26-mj-00123 (PJE) (N.D.N.Y. filed June 1, 2026), Dkt. No. 1 (criminal complaint alleging distribution of a controlled substance (28 grams or more of cocaine base), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)). The removal proceedings were "administratively closed because [Petitioner] was no longer in ICE custody." (Dkt. No. 1, ¶ 44).

---

[1] Unless otherwise noted, the facts are not disputed.

[2] Petitioner asserts that DHS was pursuing removal in Louisiana instead of New York because in the Fifth Circuit, a "criminal conviction counts for immigration purposes even if a direct appeal of the conviction is still pending," (Dkt. No. 1, ¶ 39 (citing *Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 291 (5th Cir. 2007)), whereas the Second Circuit has held "that a conviction may not trigger deportation until appellate review has been waived or exhausted," (*id.* ¶ 41 (citing *Brathwaite v. Garland*, 3 F. 4th 542, 552–55 (2d Cir. 2021)).

At present, Petitioner "is confined at Albany County Correctional Facility on the Marshals Service hold," pursuant to a federal criminal complaint filed in the Northern District of New York. (*Id.* ¶ 45 (citing). ICE has lodged a detainer directing "custodial authorities not to release [Petitioner] into the community but instead to notify ICE and maintain custody so that ICE can assume physical control." (*Id.* ¶ 46).

## III. JURISDICTION

"28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6, 2018 U.S. Dist. LEXIS 98712, at *15 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## IV. HABEAS PETITION

In the petition, Petitioner asserts that although she is "eligible for release on pretrial supervision" on the pending federal charge, she is concerned that if released, ICE will execute its detainer "without additional notice" and move her "beyond the territorial jurisdiction of this Court," separating her from counsel, family, and "the federal court in the only Circuit whose precedent recognizes that her [New York] conviction is nonfinal." (Dkt. No. 1, ¶¶ 47, 49). Petitioner further asserts, inter alia, that "Respondents' threatened seizure without any pre-deprivation opportunity to contest statutory authority violates the Fifth Amendment." (*Id.* ¶ 72). Petitioner seeks an order enjoining Respondents "from taking [Petitioner] into custody without a constitutionally adequate pre-deprivation opportunity to contest the legal basis for custody," and

a declaration "that 8 U.S.C. § 1226(c) does not authorize [Petitioner's] mandatory detention while her New York direct appeal remains pending." (*Id.* ¶¶ 89–90).

## V. MOTION TO DISMISS

### A. Standard of Review

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49, 2021 WL 5040236, at *3, 2021 U.S. Dist. LEXIS 209018, at *8 (N.D.N.Y. Oct. 29, 2021) (citation omitted). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

### B. Analysis

Respondents move for dismissal of the petition on the ground that a lodged immigration detainer is insufficient to confer custody under § 2241 and the Court lacks jurisdiction to consider the petition. (Dkt. No. 4-1, at 7–8).[3] Petitioner opposes dismissal. (Dkt. No. 6). The Court agrees with Respondents.

[3] Respondents also argue, in the alternative, that Petitioner's claims are not ripe, (Dkt. No. 4-1, at 8–9), and that the petition fails to state a cognizable habeas claim, (*id.* at 9–10).

Although the Second Circuit has not defined the parameters of when a detainer satisfies § 2241's "in custody requirement," *see, e.g.*, *Kele v. Ashcroft*, 61 F. App'x 769, 770 (2d Cir. 2003) (finding, habeas petition was not ripe and thus concluding that it need not reach "the question of the significance of the detainer, an issue that has divided the circuits" (*comparing Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538 (5th Cir. 2003), *with Vargas v. Swan*, 854 F.2d 1028 (7th Cir. 1988)), the majority view among district courts in the Second Circuit, and courts across the country is that, without more, "the filing of a detainer does not constitute 'custody' by [immigration authorities] for purposes of habeas jurisdiction." *Dearmas v. INS*, No. 92-cv-8615, 1993 WL 213031, at *3, 1993 U.S. Dist. LEXIS 8169, at *9 (S.D.N.Y. June 15, 1993); *see also Gittens v. Holder*, No. 10-cv-849, 2011 WL 3206911, at *3, 2011 U.S. Dist. LEXIS 82102, at *7 (E.D.N.Y. July 27, 2011); *Bell v. U.S.I.N.S.*, 292 F. Supp. 2d 370, 373 (D. Conn. 2003); *Zolicoffer*, 315 F.3d at 541 ("This court agrees with the majority of the circuit courts considering this issue and holds that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them."); *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989) ("[T]he filing of an INS detainer with prison officials does not constitute the requisite 'technical custody'" for purposes of habeas jurisdiction."); *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) (same); *Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) (same); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990) (same); *but see Vargas v. Swan*, 854 F.2d 1028, 1032–34 (7th Cir. 1988) (remanding for factual determination of "what effect this 'detainer' actually had" with respect to custody).

There is authority for the proposition that a petitioner is "in custody" when in federal or state custody and subject to an ICE detainer, if that petitioner is subject to an order of removal or deportation, *see Simmonds v. I.N.S.*, 326 F.3d 351, 354–56 (2d Cir. 2003) (holding that a

petitioner subject to a final order of removal, who was still serving his state criminal sentence subject to an immigration detainer, was "in INS custody for purposes of § 2241"), but that is not the case here, where removal proceedings were administratively closed and have yet to begin again.

Accordingly, the Court concludes that the Petition fails to allege a basis for jurisdiction under 28 U.S.C. § 2241 and grants the Respondents' motion to dismiss.

## VI. CONCLUSION

Accordingly, it is

**ORDERED** that Respondents' Motion to Dismiss for lack of jurisdiction (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court enter judgment accordingly and close this case; and it is further

**ORDERED** that the Clerk serve this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 7, 2026
Syracuse, New York

Brenda K Sannes

Brenda K. Sannes
Chief U.S. District Judge